UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-8043-WM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

TONY ROMON WILLIS,

Defendant.
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

    Yes      X No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

    Yes      X No

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

    Yes      X No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:   (561) 820-8711
John.mcmillan@usdoj.gov

FILED BY_____ KJZ _____D.C.

Feb 11, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>TONY ROMON WILLIS<br><br>Defendant(s) | Case No. 22-8043-WM |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ June 21, 2019 _____ in the county of _____ Palm Beach _____ in the _____ Southern _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) | Possession with Intent to Distribute a Controlled Substance, to wit, a 500 grams or more of a mixture and substance containing Methamphetamine; |
| 18 U.S.C. §§ 922(g)(1), 924(a)(2) | Felon in Possession of Firearms and Ammunition; and, |
| 18 U.S.C. § 924(c)(1)(A) | Possession of one or more firearms in furtherance of a federal drug trafficking crime. |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Anderson B. Sullivan, Special Agent, HSI
Printed name and title

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date:   02/11/2022

_____
Judge's signature

City and state:   West Palm Beach, Florida     Hon. William Matthewman, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT
## Case No. 22-8043-WM

Your affiant, Anderson Sullivan, first being duly sworn does hereby depose and state as follows:

### Introduction

1. I, Anderson Sullivan, am a Special Agent assigned to the U.S. Homeland Security Investigations (HSI), Office of the Assistant Special Agent in Charge, West Palm Beach, Florida. I have been a HSI Special Agent since 2007. Prior to being a HSI Special Agent, I served as a Marine Interdiction Agent with United States Customs and Border Protection and as a Marine Enforcement Officer of the former United States Customs Service for approximately five years. In total, I have about 23 years of federal law enforcement experience.

2. As an HSI Special Agent, my duties and responsibilities include conducting criminal investigations pertaining to Titles 18, 19, and 21 of the United States Code (U.S.C.) and the Code of Federal Regulations (CFR). After being hired as a Marine Enforcement Officer in 2002, I received training at the United States Customs Service Academy. In 2007, as a Special Agent, I received further training at the United States Immigration and Customs Enforcement Academy. At both of these academies I was trained in the legal principles and statutes representing criminal, civil, and administrative violations of the U.S.C. and the CFR as enumerated in Titles 18, 19, and 21. I have obtained experience from numerous investigations involving customs laws, narcotics trafficking, firearms violations, and other violations of the United States Code.

3. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to

arrest Tony Romon WILLIS, YOB 1984 for: 1) knowingly and willfully possessing with the intent to distribute a controlled substance, to wit more 500 grams of a mixture known to contain a detectable amount of methamphetamine, in violation of 21 U.S.C. §§841(a) and 841(b)(1)(A)(viii); 2) knowingly and willfully possessing with the intent to distribute a controlled substance, to wit eutylone, a schedule I controlled substance, in violation of 21 U.S.C. §§841(a) and 841(b)(1)(C); and 3) all while being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (c)(1)(A)(i).

**Facts in Support of Probable Cause**

4. On or about May 5, 2019, CBP Officers located and subsequently seized a tableting machine located at the UPS international sort facility in Louisville, Kentucky. The shipment was manifested as follows:

   Tracking Number: 1Z5W771W6752617683
   Commodity: LEATHER CUTTING MACHINE
   Shipper: CFS TECHNOLOGY DEV CO LTD,
   Address: NO.10 HENGNAN RD, GUSHU VL, SHENZHEN, CHINA
   Consignee: ANGELA BAUM
   Address: 2447 SAGINAW AVE W. PALM BEACH, FL 33409

5. Pursuant to Drug Enforcement Administration (DEA) regulations, an importer is required to report to the DEA their intent to import a tableting machine prior to its arrival in the United States.[1] DEA was contacted and confirmed after a diligent search of their reporting

---

[1] As a result of my training and experience, your affiant is aware that under federal law, 21 U.S.C. § 830(b)(1)(D), and 21 C.F.R. 1310.05(c)(Imports and exports of tableting machines and encapsulating machines), provides that each regulated person who imports or exports a tableting machine, or encapsulating machine, must file a report of such importation or exportation on DEA Form 452 with the Administration through the DEA Diversion Control Division secure network application, at least 15 calendar days before the anticipated arrival at the port of entry or port of export. In order to facilitate the importation or exportation of any tableting machine or encapsulating machine and implement the purpose of the Act, regulated persons may report to the Administration as far in advance as possible. A separate report (DEA Form 452) must be filed for each shipment, in accordance with § 1310.06(e). Upon receipt and review, the

database that there is no record of the BAUM referenced in the manifest above ever having applied for, or receiving, authorization to import a tableting machine. The tableting machine was transferred to the HSI office in West Palm Beach, Florida pending a controlled delivery to 2447 Saginaw Avenue, West Palm Beach, Palm Beach County, Southern District of Florida.

6. On May 16, 2019, HSI agents learned of another shipment being imported from Hong Kong that was destined for Angela BAUM at an separate address in Palm Beach County, Southern District of Florida. Utilizing border search authority, HSI agents inspected the shipment at the DHL facility located in Delray Beach, Florida. The shipment was manifested as follows:

> Airway Bill: 615-94401204-6433961634
> Commodity: STEEL JEWELRY TOOL
> Shipper: HK LANDMARK TRADE CO LTD
> Address: STORE 4 ON 24TH FLOOR OF BLOCK II, HONG KONG, HONG KONG
> Consignee: ANGELA BAUM
> Address: 2724 VANDIVER DRIVE 10A, WEST PALM BEACH, FL 33409

---

Administration will assign a completed report a transaction identification number. The report will not be deemed filed until a transaction identification number has been issued by the Administration. The importer or exporter may only proceed with the transaction once the transaction identification number has been issued. Any tableting machine or encapsulating machine may be imported or exported if that machine is needed for medical, commercial, scientific, or other legitimate uses. However, an importation or exportation of a tableting machine or encapsulating machine may not be completed with a person whose description or identifying characteristic has previously been furnished to the regulated person by the Administration unless the transaction is approved by the Administration. Knowingly failing to report the importation of a tableting machine to DEA is a misdemeanor offense punishable by imprisonment for up to one year. 21 U.S.C. § 842(c)(2)(A). Further, I am aware on the basis of my training and experience that, pursuant to 18 U.S.C. § 545, it is illegal to fraudulently or knowingly import into the United States contrary to law or receive merchandise knowing it was imported contrary to law. A "regulated person" is defined by Title 21, United States Code, Section 802(38) as, among other things, "a person who . . . imports . . . a tableting, or an encapsulating machine or who acts as a broker or trader for an international transaction involving a listed chemical, a tableting machine or an encapsulating machine." 21 U.S.C. § 802(38).

3

2724 Vandiver Drive 10A is a former listed address for BAUM. Upon inspection of the package, HSI agents discovered a die mold for use in a tableting machine. The striking surfaces of the die mold was in the shape of a cartoon monkey face. The agents released the package to DHL for delivery.

7. On May 23, 2019, the Honorable William Matthewman, United States Magistrate Judge, Southern District of Florida, authorized the installation and monitoring of a tracking device to be installed on the tableting machine. On the same day, HSI members operating in an undercover capacity conducted a controlled delivery of the tableting machine to the 2447 Saginaw Avenue, Palm Beach County, Southern District of Florida address.

8. On June 11, 2019, HSI Task Force Officer (TFO) / Palm Beach County Sheriff's Office (PBSO) Deputy C. Padilla applied for and was granted a Florida state search warrant for the residence located at 2447 Saginaw Avenue, West Palm Beach, Florida by the Honorable Judge James Nutt.

9. On June 21, 2019, the PBSO and HSI executed a Florida state search warrant at the residence of Angela BAUM and Tony Romon WILLIS located at 2447 Saginaw Avenue, West Palm Beach, Palm Beach County, Southern District of Florida. WILLIS and BAUM were asleep in the master bedroom of the residence as the search warrant was initiated. WILLIS' identification documents and correspondence addressed to him were located throughout the residence.

10. During the search agents located and seized the previously delivered tableting machine in the laundry room. On and around the tableting machine and in various locations in the laundry room, agents discovered and seized numerous multi-colored pressed tablets and various bags of colored powders all of which were suspected to be MDMA, Molly, and/or

4

substituted cathinones. Agents also discovered and seized other tableting machine parts, die molds, scales, dye powders, and other evidentiary items.

11. In the living room, agents discovered and seized a plastic grocery bag that contained an off-white crystalline substance that was also suspected to be MDMA, Molly, and/or substituted cathinones.

12. On top of the refrigerator in the kitchen, agents discovered and seized a Smith & Wesson, .40 caliber semi-automatic pistol with a round in the chamber and additional rounds in the magazine.

13. In the master bedroom and under the bed, agents discovered and seized a Norinco SKS 7.62 x 39mm semi-automatic rifle. The rifle had a round in the chamber, additional rounds in the magazine, and the folding stock was removed. Additionally, under the bed, agents discovered and seized 56 additional rounds of 7.62 x 39mm ammunition and 83 rounds of 5.7mm x 28mm ammunition.

14. In a recorded post-*Miranda* interview, BAUM stated that all the drugs, firearms, and ammunition in the house belonged to WILLIS.

15. During recorded, post-*Miranda* interviews, WILLIS acknowledged that the tableting machine, all the drugs, both firearms and the ammunition were his and that BAUM was not part of his drug manufacturing and distribution operation. When asked about the semi-automatic rifle, WILLIS responded, "Everything in there mine, my family ain't got nothing to do with nothing. That girl don't know nothing about that shit, man." When asked what he was pressing, WILLIS stated that he used the "press machine" to press "caffeine tablets and methadone or MDMA whatever crossbreed," "It's a crossbreed of MDMA." WILLIS stated that he sold the tablets in packs of 100 for $100.00 each. WILLIS also stated that

he possessed the firearms for his protection. <u>WILLIS acknowledged that he is a convicted felon and prohibited from possessing firearms</u>, but WILLIS explained he "would rather be caught with it than without it."

16. NCIC records checks and court records indicate that in 2004 WILLIS was convicted in the Southern District of Florida, Case No. 04-80161-Cr-RYSKAMP, for his involvement in a crack cocaine distribution conspiracy and sentenced to 120 months in prison. As a result, WILLIS is a convicted felon and is thus prohibited from possessing firearms and ammunition.

17. The drug evidence seized from WILLIS was divided into 23 exhibits and those exhibits were analyzed by the U.S. Drug Enforcement Administration's (DEA) Southeast Regional Laboratory (SERL). The following is a summation of the chemical mixtures and weights determined by the SERL:

| Eutylone | Eutylone & Caffeine | Eutylone, N-Butylpentylone & Caffeine | Eutylone, Methamphetamine & Caffeine | Eutylone, Methamphetamine, N-Butylpentylone & Caffeine | Amphetamine | a-PiHP |
|---|---|---|---|---|---|---|
| 805.76 grams | 493.523 grams | 23.21 grams | 543.568 grams | 17.56 grams | 0.252 grams | 0.03 grams |

- Mixtures containing detectable amounts of methamphetamine and eutylone totaled approximately **561.128 grams**.
- Mixtures containing eutylone (sans methamphetamine) totaled approximately 1,322.493 grams.

6

According to the Controlled Substances Act, eutylone is a Schedule I substance and methamphetamine is a schedule II substance.

18. Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent (S/A) Finnamore, who has previously been deemed qualified and admitted as an interstate commerce expert witness in the Southern District of Florida, examined the two firearms and rounds of ammunition seized from WILLIS. On the basis of S/A Finnamore's training and experience, as well as the unique manufacturers' identification marks on the aforementioned firearms and ammunition determined that the two firearms and the accompanying rounds of ammunition were manufactured outside the State of Florida, and that on the basis of those items subsequent recovery in the State of Florida, that such of necessity traveled in or affected interstate and/or foreign commerce.

### Conclusion

19. WHEREFORE, on the basis of the foregoing facts and evidence, your affiant respectfully submits that probable cause exists to charge Tony Romon WILLIS for: 1) knowingly and willfully possessing with the intent to distribute a controlled substance, to wit, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§841(a) and 841(b)(1)(A)(viii); 2) knowingly and willfully possessing with the intent to distribute a controlled substance, to wit eutylone, a schedule I controlled substance, in violation of 21 U.S.C. §§841(a) and 841(b)(1)(C); 3) possession of one or more firearms by a previously convicted felon, in violation of 18 U.S.C. §

922(g)(1); and, possession of one or more firearms in furtherance of a federal drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A)(i).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Anderson B. Sullivan
Homeland Security Investigations

ATTESTED TO ME TELEPHONICALLY
(VIA FACETIME) BY THE APPLICANT IN
ACCORDANCE WITH THE REQUIREMENTS
OF FED. R. CRIM. P. 4.1 THIS 11th DAY OF
FEBRUARY, 2022.

_____
HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name: ___TONY ROMON WILLIS_____

Case No.: ___22-8043-WM_____

### Count # 1
Possession with the Intent to Distribute a Controlled Substance, to wit, 500 grams or more of mixture and substance containing Methamphetamine, a Schedule II controlled substance

Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)

**Max. Penalty**: 10 year mandatory minimum, to maximum life imprisonment; $10,000,000 fine; minimum 5 year to life term of supervised release: and, a $100.00 special assessment

### Count 2
Felon in Possession of a Firearm and Ammunition
Title 18, United States Code, Sections 922(g)(1), 924(a)(2)

**Max. Penalty**: 10 years' imprisonment; $250,000 fine; 3 year term of supervised release: and, a $100.00 special assessment.

### Count 3
Possession of a Firearm in Furtherance of a Drug Trafficking Crime
Title 18, United States Code, Section 924(c)(1)(A)

**Max. Penalty**: a 5 year mandatory minimum sentence of imprisonment to maximum life term of imprisonment, consecutive to any penalty imposed upon Count 1, a fine of $250,000, a 5 year term of supervised release, and a $100 special assessment.